# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| ROBERT ANTHONY CELIA,<br><br>Plaintiff,<br>vs.<br><br>NORTH CENTRAL CORRECTIONAL FACILITY, KENDRA WALKER, KATHY WEISS, and KENDRA KINNEY,<br><br>Defendants. | No. C13-3003-MWB<br><br>MEMORANDUM OPINION AND ORDER REGARDING MAGISTRATE'S REPORT AND RECOMMENDATION CONCERNING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

_____

## I. INTRODUCTION AND BACKGROUND

On July 13, 2013, plaintiff Robert Anthony Celia filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. In his complaint, Celia, a former inmate at the North Central Correctional Facility ("NCCF"), Rockwell City, Iowa, claims that defendants Kendra Walker, Kathy Weiss, and Kendra Kinney violated his Eighth Amendment right to be free from cruel and unusual punishment. Specifically, Celia alleges that defendants were deliberately indifferent to his serious medical needs regarding his injured ankle while he was incarcerated at NCCF. This case was referred to United States Magistrate Judge Leonard T. Strand pursuant to 28 U.S.C. § 636(b)(1)(B).

Defendants Walker and Weiss ("defendants") moved for summary judgment. Defendants contend that, as a matter of law, the undisputed facts do not establish that they showed deliberate indifference to Celia's serious medical needs in violation of the Eighth Amendment. Defendants also argue that Celia's claims are barred by 42 U.S.C.

§ 1997e(a), for Failure to exhaust administrative remedies. Alternatively, defendants argue that, even if Celia could establish such a violation, they are entitled to qualified immunity. Celia did not resist defendants' motion for summary judgment.

Judge Strand issued a Report and Recommendation in which he recommended granting defendants' motion for summary judgment.[1] Judge Strand found that Celia had failed to generate a genuine issue of material fact on the subjective element of his claim, which required Celia to show that defendants actually knew of a substantial risk of serious harm to Celia and failed to reasonably respond to it. Judge Strand based this conclusion on two factual findings. First, Judge Strand found that Celia had "submitted no evidence indicating that his ankle was obviously fractured, such that even a layperson would have recognized that it was not merely sprained." Report and Recommendation at 11. Second, Celia presented no evidence that defendants "ignored an escalating situation or that the delay impacted his outcome." Report and Recommendation at 13. Alternatively, Judge Strand found that Celia's claims were barred, under 42 U.S.C. § 1997e(a), because he

---

[1] Judge Strand found that defendant Kendra Kinney is no longer employed by the Iowa Department of Corrections and was never served in this case. Judge Strand further found that NCCF was not "a proper party because 'an agency exercising state power is not a "person"' for purposes of 42 U.S.C. § 1983." Report and Recommendation at 2, n.1 (quoting *Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991); *see Hix v. Tennessee Dep't of Corrections*, 196 Fed. App'x 350, 356 (6th Cir. 2006) (holding that state prison's medical department was not a "person" within the meaning of § 1983); *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (holding that New Jersey Prison Medical Department is a state agency that cannot be sued under § 1983 because it is not a person); *Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (holding that San Quentin Prison was not a "person" subject to suit under § 1983); *Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Grabow v. Southern State Correctional Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (holding that New Jersey Department of Corrections and state prison facilities not "persons" under § 1983).

had failed to exhaust his administrative remedies. Judge Strand also, alternatively, found that even if defendants had been deliberately indifferent to Celia's serious medical condition, in violation of the Eighth Amendment, defendants were entitled to qualified immunity because defendants were not provided with "fair warning" in prior case law that their treatment of Celia's ankle was unlawful. No objections to Judge Strand's Report and Recommendation have been filed.

## II.    ANALYSIS

I review the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); see FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 7.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court may review de novo any issue in a magistrate judge's report and recommendation at any time. *Id*. If a party files an objection to the magistrate judge's report and recommendation, however, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, no objections have been filed, and it appears to me upon review of Judge Strand's findings and conclusions, that there is no ground to reject or modify them. Therefore, I accept Judge Strand's Report and Recommendation on defendants' motion for summary judgment.[2]

---

[2] I conclude that the unserved defendant, Kendra Kinney, is entitled to benefit from Walker and Weiss's summary judgment motion because the controlling issues would be the same for Kinney, the controlling issues have been briefed, and Celia has had a full and fair opportunity to address the controlling issues. *See Abagninin v. AMVAC Chemical Corp.*, 545 F.3d 733, 742-43 (9th Cir. 2008); *Transclean Corp. v. Jiffy Lube Int'l, Inc.*, 474 F.3d 1298, 1308 (Fed. Cir. 2007); *Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800, 802-03 (9th Cir. 1995); *Chrysler Credit Corp. v. Cathey*, 977 F.2d 447, 449 (8th Cir. 1992); *cf*. FED. R. CIV. P. 56(f)(1) (permitting a court to grant summary judgment for a nonmovant). Specifically, because Celia's failure to exhaust his administrative remedies bars all of Celia's claims against all of the individual defendants, including Kinney, summary judgment shall also be granted in favor of Kinney. Celia's claim against NCCF is dismissed as frivolous, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious[.]"); § 1915A(b)(1) ("On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous [or] malicious[.]"). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). Because NCCF is not a person for

## III. CONCLUSION

I accept Judge Strand's Report and Recommendation and, therefore, grant defendants' Motion For Summary Judgment. Additionally, because plaintiff Celia's failure to exhaust his administrative remedies bars his claims against all of the individual defendants, including defendant Kendra Kinney, summary judgment is also granted in favor of defendant Kinney. Plaintiff Celia's claim against North Central Correctional Facility is dismissed as frivolous. Judgment shall enter accordingly.

**IT IS SO ORDERED**.

**DATED** this 3rd day of October, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

---

the purposes of § 1983, Celia's claim against it is frivolous as a matter of law. *See Gardner v. Riska*, 444 Fed. App'x 353, 355 (11th Cir. 2011) ("As the DOC is a state agency, and thus not a person within the meaning of § 1983, Gardner's § 1983 claim for damages against the DOC is frivolous.").